**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Phionah N. Brown, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
Telephone: (914) 286-2633

*Counsel for Select Portfolio Servicing, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>　　　SAMANTHA G. JENKINS<br><br>　　　　　　　　　　　　　　Debtor. | Chapter 13<br><br>Case No. 19-23985 |

**OBJECTION TO DEBTOR'S MOTION FOR AN ORDER TO STAY**
**THE FORECLOSURE SALE SCHEDULED FOR FEBRUARY 19, 2020**

**S**elect Portfolio Servicing, Inc., servicer and attorney-in fact for U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities Trust 2005-4, Asset-Backed Certificates Series 2005-4, assignee of EMC Mortgage, LLC f/k/a EMC Mortgage Corporation, (the "SPS") herein, by its attorneys, Eckert Seamans Cherin & Mellot, LLC, as and for its objection (the "Objection") to the Motion of Samantha G. Jenkins (the "Debtor") seeking a stay of the foreclosure sale scheduled for February 19, 2020, respectfully represents that the Creditor scheduled the sale of the property pursuant to an in rem order terminating the automatic stay as it pertains to the Debtor's interest in the subject property.

- 1 -

1.Creditor is a secured creditor of the Debtor pursuant to a note executed by Samantha Jenkins and Omiel Powell on March 16, 2001, whereby Samantha Jenkins and Omiel Powell promised to repay the principal amount of $535,000.00 plus interest to FFFC f/n/o First Franklin Financial Corp. (the "Note"). To secure the repayment of the Note, Samantha Jenkins and Omiel Powell simultaneously executed a mortgage, which was duly recorded in the Westchester County Clerk's Office on June 5, 2001 in Control Number 411500528 (the "Mortgage"), encumbering real property located at 24 Montgomery Place, New Rochelle, NY 10804 (the "Property").

2.The Note and Mortgage were assigned from First Franklin Financial Corporation to Chase Manhattan Mortgage Corp. by assignment of mortgage dated March 23, 2001 and recorded August 21, 2002 in Control Number 422240839. The Note and Mortgage were subsequently transferred from Chase Manhattan Mortgage Corporation to Citibank, N.A., as Trustee by assignment of mortgage dated May 19, 2003 and recorded August 19, 2003 in Control Number 4321400113. The Note and Mortgage were subsequently transferred from Citbank, N.A. as Trustee, by Chase Home Finance LLC, Successor by merger to Chase Manhattan Mortgage Corporation as attorney-in-fact to Chase Home Finance, LLC by assignment of mortgage dated August 10, 2005 and recorded May 4, 2006 in Control Number 461180195. The Note and Mortgage were then subsequently transferred from Chase Home Finance LLC, successor by merger with Chase Manhattan Mortgage Corporation to EMC Mortgage Corporation, by assignment of mortgage dated August 10, 2005 and recorded May 4, 2006 in Control Number 461180206. The Note and Mortgage were subsequently transferred to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee, as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset-Backed Securities

Trustee 200504, Asset-Backed Certificates, Series 2005-4, by assignment of mortgage dated February 5, 2013 and recorded on April 2, 2013 in Control Number 530853281. Copies of the Note, Mortgage, and Assignments of Mortgage are annexed hereto as **Exhibit "A"**.

3.  The Debtor and the Co-Debtor failed to make the payment due March 1, 2006. Based on the default, the Creditor initiated foreclosure proceedings in the Supreme Court of the State of New York, County of Westchester, under Index number 21306/06. The Judgment of Foreclosure and Sale ("JFS") was entered almost 13 years ago on April 5, 2007 by the Honorable Mary H. Smith. A copy of the JFS is annexed hereto as **Exhibit "B"**. Due to the multiple bankruptcy filings, Creditor has been unable to proceed with a foreclosure sale pursuant to said judgment.

**The Debtor's Motion is without merit as the Creditor has obtained *in rem* relief from the automatic stay**

4.  The Debtor's argument that the Creditor is in violation of the automatic stay has no merit as the auction was scheduled pursuant to an order issued by this honorable Court, granting Creditor *in rem* relief from the automatic stay.

5.  Since the issuance of the Judgment of Foreclosure and Sale, the Debtor and co-borrower Omiel Powell have initiated a combined ten (10) bankruptcy proceedings for the sole purpose of delaying Creditor's enforcement of the Judgment of Foreclosure and Sale. Each bankruptcy petition asserted an interest in the Property.

6.  The first bankruptcy case was filed by Omiel L. Powell on June 24, 2001, in the Bankruptcy Court for the Southern District of New York under Chapter 7 as Case No. 01-21295-ash (the "First Case"). The Debtor was granted a discharge and an Order was entered December 19, 2001.

7.  The second bankruptcy case was filed by Omiel L. Powel and Samantha Jenkins on July 31, 2007 in the Bankruptcy Court for the Southern District of New York under Chapter 11 as Case No. 07-22719-ash (the "Second Case"). The Second Case was deficient filing without all the

required schedules. A motion for relief was filed and an order granting relief was entered on January 4, 2008 as ECF Doc No. 18.

8. The third bankruptcy case was filed by Samantha Jenkins on March 11, 2008 in the Bankruptcy Court for the Southern District of New York under Chapter 7 as Case No. 08-22335-ash (the "Third Case"). The Third Case was a barebones filing, without all the required schedules. The Trustee filed a motion to dismiss for Debtor's failure to appear at an adjourned 341 meeting of creditors and for failure to amend her schedules. An order dismissing the case was entered October 31, 2018 as ECF Doc No. 18.

9. The fourth bankruptcy case was filed Pro Se by Omiel L. Powel on December 9, 2008 in the Bankruptcy Court for the Southern District of New York under Chapter 13 as Case No. 08-20029-ash (the "Fourth Case"). The Trustee filed a motion to dismiss for Debtor's failure to file required schedules, failure to make plan payments and failure to provide evidence of payment advices. An order dismissing the case was entered February 23, 2009 as ECF Doc No. 8.

10. The fifth bankruptcy case was filed pro se by Samantha Jenkins on May 22, 2009 in the Bankruptcy Court for the Southern District of New York under Chapter 7 as Case No. 09-22862-rdd (the "Fifth Case"). Again, the petition was filed without all the required schedules. The United States Trustee filed a motion to dismiss for Debtor's failure to file required schedules. An order dismiss the case was entered August 8, 2009 as ECF Doc No. 10.

11. The sixth bankruptcy case was filed by Samantha Jenkins on January 26, 2010 in the Bankruptcy Court for the Southern District of New York under Chapter 13 as Case No. 10-22127-rdd (the "Sixth Case"). The Sixth Case was filed without all the required schedules. The Trustee filed a motion to dismiss for Debtor's failure to make regular monthly plan payments. An order dismissing the case was entered May 2, 2011 as ECF Doc No. 25.

12. The seventh bankruptcy case was filed by Omiel L. Powel on June 28, 2010 in the Bankruptcy Court for the Southern District of New York under Chapter 7 as Case No. 10-23309-rdd (the "Seventh Case"). Again, the Seventh Case was filed without all the required schedules. A stipulation and order dismissing debtor's case with prejudice was entered November 10, 2010 as ECF Doc No. 16.

13. The eighth bankruptcy case was filed by Samantha Jenkins on June 8, 2015 in the Bankruptcy Court for the Southern District of New York under Chapter 13 as case No. 15-22803-rdd (the "Eighth Case"). The Trustee filed a motion to dismiss for Debtor's failure to provide tax returns and failure to file a feasible Chapter 13 Plan. An order dismissing the case was entered January 30, 2017 as ECF Doc No. 26.

14. The ninth bankruptcy case was filed pro se by Omiel L. Powell on October 23, 2017 in the Bankruptcy Court for the Southern District of New York under Chapter 13 as Case No. 17-23626-rdd (the "Ninth Case"). The case was dismissed for debtors failure to pay the filing fee. An order dismissing the case was entered on January 16, 2018 as ECF Doc No.13.

15. The tenth bankruptcy case was filed pro se by Omiel L. Powell on October 16, 2018 in the Bankruptcy Court for the Southern District of New York under Chapter 13 as Case No.18-23598-rdd (the "Tenth Case"). The Tenth Case was a barebones filing, without all the required schedules.

16. On January 4, 2019, Counsel for Creditor filed a Motion requesting entry of an order granting in rem relief pursuant to 11 U.S.C. §362(d)(4) and granting co-debtor relief pursuant to §1301 (c) with respect to the first mortgage lien on the Property located or, in the alternative, granting relief pursuant to 11 U.S.C. §362 (d)(1) and (2).

17. By Order dated February 19, 2019, the Honorable Robert D. Drain issued an order terminating the automatic stay. The Order directed that the termination of the automatic stay

"…shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of this Order, such that the automatic stay under 11 U.S.C. 362(a) shall not apply to Movant's interest in the Property. The Order was entered on February 20, 2019 as ECF Doc No. 11. A copy of the said order is annexed hereto at **Exhibit "C"**.

18. The eleventh bankruptcy case was filed pro se by Samantha G. Jenkins on November 12, 2019 in the Bankruptcy Court for the Southern District of New York under Chapter 13 as Case No: 19-23985-shl (the "Eleventh Case").

19. Accordingly, pursuant to the Order, the Creditor was not bound by the automatic stay triggered by the Eleventh Case. As such, Creditor respectfully submits that the stay entered by this Court should be lifted and Creditor is entitled to proceed with the enforcement of the Judgment of Foreclosure and Sale.

20. Notwithstanding the foregoing, taken together, the eleven bankruptcy cases provide an adequate basis to find that the Debtor's bankruptcy filings are part of a scheme to delay, hinder or defraud secured creditors.

21. In the case at bar, the timing of the bankruptcy filings all on the eve of sale, the failure of debtor and co-debtor to file the necessary papers, the number of filings and the almost fourteen (14) year default all raise serious questions regarding Debtor's and co-debtor's intent to hinder, delay and defraud the Creditor. The timing and sequencing of these events "allows the Court to draw a permissible inference … that the instant petition (is) part of a scheme of Debtor to delay, hinder, and defraud" the Creditor. *In re Montalyo*, 416 B.R. 385-86 (Bankr. E.D.N.Y. 2009).

22. Furthermore, upon information and belief, little to no payments have been made on the Loan secured by the Property over the last fourteen (14) years; the loan is contractually due for the

March 1, 2006 installment.  Based on the foregoing factors, this Honorable Court found that Creditor established Debtor and Co-Debtor's actions constituted a scheme to hinder, delay, and defraud Creditor in its effort to enforce the Judgment of Foreclosure and Sale and the Creditor was therefore entitled to proceed with the enforcement of the Judgment of Foreclosure and Sale.

23. Likewise, Debtor's instant bankruptcy filing and the instant motion, are another attempt to hinder the enforcement of the Judgment of Foreclosure and Sale. Creditor has been unfairly prejudiced and irreparably harmed by the delays. In the fourteen (14) years since the default, Creditor has advanced the payment of taxes and insurance for the Property while Debtor and Co-Debtor have resided in the subject premises payment free.

24. Based on the foregoing, it is respectfully submitted that this Honorable Court should lift the court-imposed stay, and deny Debtor's Motion in its entirety.

Dated:   White Plains, New York
         March 16, 2020

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: */s/ Kenneth J. Flickinger*
    Kenneth J. Flickinger, Esq.
    10 Bank Street, Suite 700
    White Plains, New York 10606
    Telephone: (914) 286-2817
    kflickinger@eckertseamans.com
    *Counsel for Select Portfolio Servicing, Inc.*